**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

| | | |
|---|---|---|
| **TONY DAUGHERTY,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:12-0043** |
| | ) | |
| **DENNIS DINGUS, Warden,** | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

On December 6, 2011, Petitioner, acting *pro se*, filed in the Northern District of West Virginia a Petition Under 28 U.S.C. § 2254 For Writ of *Habeas Corpus* By a Person in State Custody. (Document No. 1.) On the same date, the Clerk of the Court sent Petitioner a "Notice of Deficient Pleading" and appropriate forms. (Document No. 3.) On December 16, 2011, Petitioner filed his form Petition Under 28 U.S.C. § 2254 For Writ of *Habeas Corpus* By a Person in State Custody. (Document No. 6.) Petitioner alleges the following grounds for *habeas* relief:

1.  Prejudice of a Juror McBride and currently I feel ineffective counseling since Mr. Bruce won't finish the job because he feels there's no justice for one accused of such crimes.

2.  Jury prejudice, no transcripts, ineffective counseling.

(<u>Id.</u>) By Order entered January 9, 2012, the Northern District of West Virginia transferred the case to this District. (Document No. 12.) Specifically, the Northern District determined that Petitioner was challenging his State court conviction arising out of the Circuit Court of Summers County, West Virginia, which is located within the jurisdiction of the Southern District of West Virginia. (<u>Id.</u>) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 14.)

By Indictment filed on March 23, 2001, Petitioner was charged with four counts of First Degree Sexual Assault (Counts I, V, IX, and XIII), four counts of Third Degree Sexual Assault (Counts II, VI, X, and XIV), four counts of Sexual Abuse by a Parent (Counts III, VII, XI, XV), and four counts of Incest (Counts VI, VIII, XII, and XVI) in Summers County, West Virginia. State v. Daugherty, Case No. 01-F-46 (Cir. Ct. Summers Co. Sept. 30, 2004). Following a jury trial, Petitioner was convicted on September 30, 2004, of four counts of Sexual Abuse by a Parent. (Document No. 32-1, p. 50.) On March 25, 2005, Petitioner, by counsel, Barry L. Bruce, filed a Motion for a Judgment of Acquittal and New Trial. (Id., p. 56.) The Circuit Court denied Petitioner's motion the same day. By Order dated September 26, 2005, the Circuit Court sentenced Petitioner to imprisonment in the penitentiary to "not less than ten nor more than twenty years for each count of the four counts of Sexual Abuse by a Parent for which the Defendant stands convicted, the said sentences to run concurrent with one another." (Id., pp. 51 - 52.) On October 6, 2005, Petitioner, by counsel, filed a Motion for New Trial alleging jury misconduct. (Id., p. 56.) The Circuit Court conducted an evidentiary hearing on November 30, 2005. (Document No. 32-1, pp. 40 - 49.) By Order dated December 27, 2005, the Circuit Court denied Petitioner's Motion for New Trial. (Id.)

On February 2, 2006, Petitioner, by counsel, Mr. Bruce, filed a petition for appeal with the West Virginia Supreme Court of Appeals. (Id., pp. 2 - 39.) In his petition, Petitioner asserted the following errors:

    A.    Defendant asserts that the Circuit Court erred in denying Defendant's Motion for New Trial based on juror bias on the grounds that Defendant failed to establish prejudice as a result of Juror McBride's presence on the jury.

    B.    Defendant asserts that he was deprived of his Constitutional right to be tried by a jury free from bias and prejudice due to Juror McBride's presence on the jury.

    C.    Defendant asserts that the Circuit Court erred in denying Defendant's Motion

for Acquittal in that the State of West Virginia failed to produce sufficient evidence to sustain Defendant's conviction.

D.      Defendant asserts that he was deprived of his Constitutional right to a fair trial as a result of improper and prejudicial remarks made by the Summers County Prosecuting Attorney.

E.      Defendant asserts that he was deprived of his Constitutional right to a fair trial by the use of an improper jury instruction which led to a non-responsive verdict, a non-unanimous verdict, or a compromised verdict.

F.      Defendant asserts that he was deprived of his Constitutional right to a fair trial based on the cumulative effect of:

1.      The improper dismissal of the alternative juror;
2.      The improper judicial comments to the jury relating to the Allen Charge; and
3.      The prejudicial effect of the dropped charges.

(Id.) On May 10, 2006, the West Virginia Supreme Court granted Petitioner's "petition for appeal as to Assignment of Error # 1 only." (Id., p. 59.) By Per Curiam Opinion entered on November 29, 2006, the West Virginia Supreme Court denied Petitioner's appeal. State v. Daugherty, 650 S.E.2d 114 (W.Va. 2006)(*per curiam*). Petitioner, by counsel, filed a petition for rehearing on December 29, 2006. The West Virginia Supreme Court denied Petitioner's petition on January 24, 2007. (Id., p. 64.) Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on April 18, 2007. Daugherty v. West Virginia, 552 U.S. 829, 128 S.Ct. 49, 169 L.Ed.2d 44 (2007).

On February 2, 2009, Petitioner, by counsel, Mr. Bruce, filed his first Petition for Writ of *Habeas Corpus* in the Circuit Court of Marshall County. By Order entered the same day, the Petition was transferred to Summers County. Daugherty v. Seifert, Case No. 09-C-007 (Cir. Ct. Summers Co. Dec. 11, 2009). In his Petition, Petitioner alleged the following grounds for relief:

1.      Petitioner's right to an impartial jury was violated.

2.      The West Virginia Supreme Court of Appeals failed to consider the entire record on direct appeal.

3

(<u>Id.</u>, pp. 23 - 25.) The Circuit Court conducted an omnibus hearing on June 22, 2009. (<u>Id.</u>, p. 21.)
By order dated December 11, 2009, the Circuit Court made findings of fact and conclusions of law
addressing the grounds raised by Petitioner, and denied his *habeas* petition on the merits. (<u>Id.</u>, pp.
21 - 25.)

On May 12, 2010, Petitioner, by counsel, Mr. Bruce, filed his petition for appeal from the
Circuit Court's decision. (Document No. 32-2, p. 5 - 20.) In his petition for appeal, Petitioner
asserted the following errors:

　　1.　　Petitioner's right to an impartial jury was violated.

　　2.　　The West Virginia Supreme Court of Appeals failed to consider the entire record.

(<u>Id.</u>) On June 22, 2010, the West Virginia Supreme Court refused Petitioner's appeal. (<u>Id.</u>, p. 4.);
<u>State v. Daugherty</u>, Case No. 100582 (W. Va. June 22, 2010).

On November 18, 2011, Petitioner, acting *pro se*, filed a Petition for Writ of Mandamus in
the West Virginia Supreme Court. (<u>Id.</u>, pp. 32 - 36.); <u>Daugherty v. Hoke</u>, Case No. 11-1614 (W.
Va.). In his petition, Petitioner argues that his due process rights were violated because he was
denied his right to appeal and denied a copy of his trial transcripts. (<u>Id.</u>)

On January 27, 2012, Petitioner, acting *pro se*, filed his second Petition for Writ of *Habeas
Corpus* in the Circuit Court of Summers County. (<u>Id.</u>, pp. 38 - 45.); <u>Daugherty v. Hoke</u>, Case No.
12-C-124 (Cir. Ct. Summers Co.). In his Petition, Petitioner alleged the following grounds for relief:

　　1.　　Petitioner's right to an impartial jury was violated.

　　2.　　The West Virginia Supreme Court of Appeals failed to consider the entire
　　　　　record; no transcripts.

　　3.　　There was no crime and no biological proof of any crime.

　　4.　　My attorney was incompetent in filing any kind of appeal without both sides

4

of the transcripts.

(<u>Id.</u>, pp. 41 - 42.) On February 16, 2012, Respondent filed in the West Virginia Supreme Court a "Motion of the Respondents, Circuit Court of Summers County and Adrian Hoke, Warden, to Consolidate Cases and Permit the Respondents to File a Consolidated Summary Response" regarding Petitioner's Petition for Writ of Mandamus and second *habeas* Petition. (<u>Id.</u>, p. 78 - 82.) By Order entered on March 13, 2012, the West Virginia Supreme Court granted Respondent's Motion and consolidated the actions. (<u>Id.</u>, p. 77.) Accordingly to Respondent, the above action is currently pending before the West Virginia Supreme Court.

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on December 6, 2011. (Document No. 1.) On January 20, 2012, Petitioner filed a letter in support of his Petition. (Document No. 15.) As an Exhibit, Petitioner attaches a copy of a letter from Mr. Bruce dated December 12, 2011, wherein Mr. Bruce requested that Petitioner "[p]lease refer to our November 2, 2011, letter wherein we advised that our representation of you concluded following the denial of the Petition for Writ of Habeas Corpus by the West Virginia Supreme Court." (<u>Id.</u>, p. 2.)

On March 8, 2012, Petitioner's mother filed Exhibits in support of Petitioner's *habeas* Petition. (Document No. 16.) The following documents were filed as Exhibits: (1) A copy of the "Consolidate Summary Response of the Respondents, Circuit Court of Summers County and Adrian Hoke, Warden" as filed on February 16, 2012, in the West Virginia Supreme Court in Case No. 11-1614 (<u>Id.</u>, pp. 4 - 14.); (2) A copy of the West Virginia Supreme Court's Scheduling Order as entered in <u>State of West Virginia ex rel. Tony Daugherty v. Hoke</u>, Case No. 12-0124 (<u>Id.</u>, p. 15.); (3) A copy of the "Motion of the Respondents, Circuit Court of Summers County and Adrian Hoke, Warden, to Consolidate Cases and Permit the Respondents to File a Consolidated Summary

Response" as filed on February 16, 2012, in the West Virginia Supreme Court in Case No. 11-1614 (Id., pp. 16 - 20.); and (4) A copy of the "Supplemental Appendix" as filed in the West Virginia Supreme Court in Case No. 11-1614 (Id., pp. 21 - 45.).

By Order entered on June 12, 2012, the undersigned directed Respondent to show cause, if any, why Petitioner's Petition should not be granted. (Document No. 26.) On July 30, 2012, in response to the Court's Order, Respondent filed his Answer, Motion for Summary Judgment and Memorandum in Support thereof with Exhibits. (Document Nos. 31, 32, and 37.) First, Respondent argues that "[t]he current Petition should be dismissed because the Petitioner has failed to file within the applicable period of limitation as set forth in § 2244(d)." (Document No. 37, pp. 13 - 17.) Respondent next argues that assuming the Court finds Petitioner's Petition to be timely, the Court should dismiss his Petition based on the following: (1) "By filing a Petition for Writ of Mandamus and a Second State Habeas Petition, the Petitioner has rendered his grounds for relief unexhausted and any ruling this Court may make is premature" (Id., pp. 17 - 19.); (2) "Petitioner's ineffective assistance of counsel and failure to provide trial transcript claims were raised for the first time in his second petition for State habeas relief; therefore, they are unexhausted" (Id., pp. 19 - 21.); and (3) "This Court should refuse to hear Petitioner's case pursuant to the Younger abstention doctrine until State court as completed consideration of the Petitioner's pending State Petitions" (Id., pp. 21 - 22.).[1]

----

[1]   As Exhibits, Respondent files the following: (1) A copy of Petitioner's "Docketing Statement" from the West Virginia Supreme Court involving his direct appeal (Document No. 32-1, pp. 2 - 5); (2) A copy of Petitioner's Petition for Appeal concerning his underlying conviction as filed on February 2, 2006 in the West Virginia Supreme Court (Id., pp. 6 - 39.); (3) A copy of the Circuit Court's "Order Denying Motion for New Trial" dated December 27, 2005 (Id., pp. 40 - 49.); (4) A copy of Petitioner's Commitment Order as filed in the Circuit Court of Summers County (Id., p. 50.); (5) A copy of Petitioner's Sentencing Order as filed in the Circuit Court of Summers County on September 26, 2005 (Id., pp. 51 - 52.); (6) A copy of the Index concerning Case No: 01-F-46 as filed in the West Virginia Supreme Court on February 2, 2006 (Id., pp. 53 - 57.); (7) A copy of the West Virginia Supreme Court's Order dated May 10, 2006, granting Petitioner's Petition for Appeal as to

On July 31, 2012, Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's Motion for Summary Judgment. (Document No. 35.) On September 19, 2012, Petitioner filed his letter-form

---

Error 1 in Case No. 33075 (*Id.*, p. 59.); (8) A copy of West Virginia Supreme Court's Order dated July 28, 2006, granting the State's Motion to Reschedule Oral Arguments in Case No. 33075 (*Id.*, pp. 60 - 61.); (9) A copy of West Virginia Supreme Court's Order dated August 15, 2006, granting the State's Motion for Extension of Time to File its Brief in Case No. 33075 (*Id.*, pp. 62 - 63.); (10) A copy of West Virginia Supreme Court's Order dated January 24, 2007, denying Petitioner's Petition for Rehearing in Case No. 33075 (*Id.*, p. 64.); (11) A copy of Petitioner's Appellant's Brief as filed on July 13, 2006, in the West Virginia Supreme Court in Case No. 33075 (*Id.*, pp. 66 - 78.); (12) A copy of the "Brief of Appellee State of West Virginia" as filed on August 28, 2006, in the West Virginia Supreme Court in Case No. 33075 (*Id.*, pp. 80 - 100.); (13) A copy of "Appellant's Reply to Brief of Appellee State of West Virginia" as filed on September 13, 2006, in the West Virginia Supreme Court in Case No. 33075 (*Id.*, pp. 102 - 108.); (14) A copy of *State v. Daugherty*, 221 W.Va. 15, 650 S.E.2d 114 (W.Va. 2006) (*Id.*, pp. 110 - 117.); (15) A copy of *Daugherty v. West Virginia*, 552 U.S. 829, 128 S.Ct. 49, 169 L.Ed.2d 44 (2007) (Document No. 32-2, p. 2.); (16) A copy of the West Virginia Supreme Court's Order dated June 22, 2010, refusing Petitioner's Petition for Appeal regarding the Circuit Court's denial of his habeas petition (Case No. 100582) (*Id.*, p. 4.); (17) A copy of Petitioner's "Petition for Writ of Habeas Corpus" as filed in the West Virginia Supreme Court on May 12, 2010 in Case No. 100582 (*Id.*, pp. 5 - 20.); (18) A copy of the Circuit Court's Order dated December 11, 2009, denying Petitioner's *habeas* Petition (*Id.*, pp. 21 - 25.); (19) A copy of Petitioner's "Appellate Transcript Request" (*Id.*, pp. 26 - 27.); (20) A copy of the "Affidavit of Veronica L. Bird" (*Id.*, p. 28.); (21) A copy of the "Affidavit of Mark Jenkins" (*Id.*, pp. 29 - 30.); (22) A copy of Petitioner's "Writ of Mandamus" as filed in the West Virginia Supreme Court on November 18, 2011 (*Id.*, pp. 32 - 36.); (23) A copy of Petitioner second *habeas* Petition as filed on January 27, 2012, in the Circuit Court of Summers County (*Id.*, pp. 38 - 56.); (24) A copy of a letter from Petitioner to the Clerk of the West Virginia Supreme Court dated January 23, 2012 (*Id.*, p. 59.); (25) A copy of a letter from Petitioner to the Clerk of the United States Supreme Court dated December 14, 2011 (*Id.*, p. 60.); (26) A copy of a letter from Petitioner to this Court dated January 17, 2012 (*Id.*, p. 61.); (27) A copy of the Docket Sheet from the Northern District of West Virginia for Case No: 1:11-cv-0194 (*Id.*, pp. 62 - 63.); (28) A copy of a letter from Mr. Bruce to Jessica Donahue, Lawyer Disciplinary Counsel, dated September 19, 2011 (*Id.*, pp. 64 - 66.); (29) A copy of Petitioner's "Supreme Court of Appeals of West Virginia Appellate Transcript Request Form" and "Financial Affidavit & Application" (*Id.*, pp. 67 - 75.); (30) A copy of the West Virginia Supreme Court's Order dated March 13, 2012, granting the State's Motion to Consolidate in Case No. 11-1614 (*Id.*, p. 77.); (31) A copy of the "Motion of the Respondents, Circuit Court of Summers County and Adrian Hoke, Warden, to Consolidate Cases and Permit the Respondents to File a Consolidated Summary Response" as filed on February 16, 2012, in the West Virginia Supreme Court in Case No. 11-1614 (*Id.*, pp. 78 - 82.); and (32) A copy of the "Consolidate Summary Response of the Respondents, Circuit Court of Summers County and Adrian Hoke, Warden" as filed on February 16, 2012, in the West Virginia Supreme Court in Case No. 11-1614 (*Id.*, pp. 84 - 120.)

Response to Respondent's Motion for Summary Judgment." (Document No. 41.) First, Petitioner appears to argue that his Petition is timely because "[o]n April 7, 2011, Barry Bruce, my ex-attorney, came to Huttonsville to visit me and advised me that he would have my Federal Post Conviction proceeding completed and filed by the first part of June, 2011."[2] (Id., p. 1.) Petitioner states that "Mr. Bruce did not file it as he said he would" and "[t]he time line ran out by November, 2011." (Id.) Next, Petitioner argues that he is innocent and his ex-wife conspired with the State to "make up a crime." (Id., pp. 1 - 2.) Petitioner alleges that his ex-wife fabricated the facts of the sexual assault and "drugged a not so stable child" into confirming the facts. (Id., p. 2.)

On October 10, 2012, Respondent filed his "Reply to Petitioner's Response to Respondent's Motion for Summary Judgment." (Document No. 43.) First, Respondent argues that Petitioner's claim that Mr. Bruce failed to file his Federal *habeas* petition "by the first part of June 2011" to be an unexhausted claim. (Id., p. 2.) Respondent notes that Petitioner failed to assert this claim in his State and Federal *habeas* petitions. (Id.) Next, Respondent argues that "apart from the Petitioner's self-serving assertion, there is no evidence that defense counsel agreed to file Petitioner's federal habeas." (Id.) Respondent asserts "[t]here is no retainer agreement, correspondence, or corroborating records." (Id.) Third, Respondent argues that Petitioner asserts new claims that were never addressed in State court. (Id., pp. 2 - 3.) Finally, Respondent states that "Petitioner has raised numerous irrelevant facts which have nothing to do with his claims before this Court." (Id., p. 3.)

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

---

[2] In Petitioner's Section 2254 Petition and a letter addressed to the Clerk of the United States Supreme Court, Petitioner alleges that Mr. Bruce promised to file his Section 2254 Petition by May, 2011. (Document No. 6, pp. 11 and 19 and Document No. 32-2, p. 60.) In his Response to Respondent's Motion for Summary Judgment, Petitioner alleges that Mr. Bruce promised to file is Section 2254 Petition by June, 2011. (Document No. 41.)

1214 [AEDPA], effective April 24, 1996, provides that Section 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Nevertheless, the one-year limitation period may be subject to equitable modification in appropriate cases. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); Harris, 209 F.3d at 328-31. In Holland, the United States Supreme Court concluded that Section 2244(d) may be tolled "only if [the petitioner] shows (1) that he has been pursuing his rights

---

[3] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

filing." Holland, ___ U.S. at ___, 130 S.Ct. at 2560-62. The doctrine of equitable tolling has

generally been applied in two distinct situations. First, the doctrine has been applied in situations

where the petitioner was prevented from asserting his claims due to the respondent's wrongful

conduct. Harris, 209 F.3d at 330. Second, the doctrine has been applied in situations where the

petitioner was prevented from asserting his claims due to circumstances beyond his control or

"external to the party's own conduct." Id. An attorney's mistake in interpreting the Section 2244

statute of limitations does not constitute an extraordinary circumstance warranting equitable tolling.

Id. at 331; see also Dillon v. Conway, 642 F.3d 358, 364 (2nd 2011); United States v. Sosa, 364 F.3d

507, 512 (4th Cir. 2004); Rouse v. Lee, 339 F.3d 238, 248 - 249 (4th Cir. 2003) Mathers v. Seifert,

2008 WL 2437629 (S.D.W.Va.)(Chief Judge Goodwin).[4]  An "attorney's misconduct must be more

egregious than a 'garden variety claim of excusable neglect' to be considered an extraordinary

circumstance." United States v. Oriakhi, 394 Fed. Appx. 976, 977 (4th Cir. 2010)(citing Holland, ___

U.S. at ___, 130 S.Ct. at 2562-65). Nevertheless, "the requirement might be met by a showing of

an extraordinary failure by the attorney to provide reasonably competent legal work, to communicate

with his client, to implement his client's reasonable requests, to keep his client informed of key

---

[4] The undersigned notes that there is no time limit for the filing of a State *habeas* Petition and there is no right to counsel in State *habeas* proceedings under West Virginia law. Rather, *W.Va. Code* § 53-4A-4 states that under certain circumstances, the Circuit Court must appoint counsel in *habeas* proceedings as follows:

A petition filed under the provisions of this article may allege facts to show that the petitioner is unable to pay the costs of the proceeding or to employ counsel, may request permission to proceed in forma pauperis and may request the appointment of counsel. If the court . . . is satisfied that the facts alleged in this regard are true and that the petition was filed in good faith, and has merit or is not frivolous, the court shall order that the petitioner proceed in forma pauperis, and the court shall appoint counsel for the petitioner.

developments of their cases, or to never abandon a client."[5] Id.; also see Goedeke v.McBride, 437 F. Supp.2d 590 (S.D.W.Va. 2006)(Chief Judge Goodwin)(finding that the statute of limitations was equitably tolled during the time period that petitioner was represented by counsel in his State *habeas* proceeding because counsel made repeated false assurances that led petitioner to believe that counsel would complete his petition and petitioner had no reason to disbelieve counsel's assurances.) In the present case, Petitioner alleges that he retained Mr. Bruce to handle his *habeas* proceedings, but Mr Bruce failed to file his Section 2254 by May, 2011, as promised. In view of the foregoing, the Court finds that an evidentiary hearing is necessary to determine whether extraordinary circumstances as found in Holland v. Florida, supra, and Goedeke v. McBride, supra, justify equitable tolling in the instant case.

Accordingly, it is hereby **ORDERED** that an evidentiary hearing will be conducted before the undersigned on **Tuesday, February 12, 2013, at 1:30 p.m.**, in the undersigned's courtroom in Beckley, West Virginia. Mr. Bruce is directed to be in attendance and have all documents including retainer agreements, letters, receipts, invoices and other evidence germane to the issue described above in his possession. The Court expects that Mr. Bruce will testify. By separate Order, the Court will therefore appoint attorney Thomas J. Gillooly as counsel to represent Petitioner at the hearing and in further proceedings as may be appropriate. The Clerk is directed to issue a Writ of Habeas

---

[5] In *Holland*, the United States Supreme Court determined that the following facts "may well be an 'extraordinary' instance in which petitioner's attorney's conduct constituted far more than 'garden variety' or 'excusable neglect'": (1) counsel's failure to timely file the federal habeas petition "despite Holland's many letters that repeatedly emphasized the importance of his doing so;" (2) counsel's failure to "do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules;" (3) counsel's failure "to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information;" and (4) counsel's failure "to communicate with his client over a period of years, despite various pleas from Holland that [counsel] respond to his letters." *Holland*, ___ U.S. at ___, 130 S.Ct. at 2564.

Corpus ad Testificandum for Petitioner requiring that Petitioner be delivered to the Robert C. Byrd United States Courthouse and Federal Building, 110 North Heber Street, Beckley, West Virginia, on the above date in order that he may attend and participate in the hearing. The Clerk is further directed to send a copy of this Order and the Writ of Habeas Corpus ad Testificandum to counsel of record, the Warden of McDowell County Correctional Center, the United States Marshal for the Southern District of West Virginia, and Petitioner.

ENTER: January 11, 2013.

R. Clarke VanDervort
United States Magistrate Judge