IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **TONY DAUGHERTY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:12-0043 |
| | ) | |
| **DENNIS DINGUS, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a proceeding under 28 U.S.C. § 2254. The Court has determined that an Evidentiary Hearing is necessary and has therefore appointed Mr. Thomas Gillooly to represent Petitioner pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. (Document No. 48.) The purpose of the hearing is to consider whether extraordinary circumstances will permit the equitable tolling of the 28 U.S.C. § 2244(d)(1) one-year limitation period.[1] The question before the Court is basically whether or not Petitioner requested that his State Court attorney, Mr. Barry Bruce, represent him in federal *habeas corpus* proceedings by filing a

---

[1] "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010), *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Notwithstanding his client's persistent requests that he file a Section 2254 Petition, an attorney's failure altogether to determine when the limitation period expired and file the Petition on time may constitute "extraordinary circumstances" entitling the petitioner to equitable tolling. *Holland v. Florida*, __ U.S. __, 130 S.Ct. at 2563 - 2564; *United States v. Oriakhi*, 394 Fed.Appx. 967, 2010 WL 3522005 (C.A.4(Md.); *Goedeke v. McBride*, 437 F.Supp.2d 590, 597 - 599 (S.D.W.Va. 2006); *Frazier v. Burt*, 2008 WL 2078122 at *5-6 (D.S.C.); *McLaughlin v. Lee*, 2000 WL 34336152 (E.D.N.C.). But an attorney's mistake in interpreting the statute imposing the limitation period or miscalculation in applying it will not constitute "extraordinary circumstances". *Rouse v. Lee*, 339 F.3d 238, 248 - 249 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000).

Section 2254 Petition and Mr. Bruce indicated that he would do so and failed to file a Section 2254 Petition within the one-year limitation period. The Court scheduled the hearing for February 12, 2013, and required that Mr. Bruce be in attendance and have all documents including retainer agreements, letters, receipts, invoices and other evidence germane to the issue described above in his possession. (Id.) On January 22, 2013, Petitioner filed an Unopposed Motion to Continue the hearing (Document No. 52.), and the Court rescheduled the hearing for March 19, 2013 (Document No. 54.). On March 12, 2013, Petitioner filed (1) a Motion for Order Prohibiting Informal Communication by Petitioner's Former Counsel with the W.Va. Attorney General, (2) a Motion for Leave to Conduct Discovery and (3) a Motion to Continue Evidentiary Hearing. (Document Nos. 59 - 61.) On March 13, 2013, Respondent filed an Answer in Opposition to Petitioner's Motion for Leave to Conduct Discovery and Motion to Continue. (Document No. 62.) On March 14, 2013, Petitioner filed a Reply to State's Response Opposing Discovery. (Document No. 64.) Also on that day, the Court granted Petitioner's Motion to Continue and, finding that Respondent had not filed a Response to Petitioner's Motion Prohibiting Informal Communication by Petitioner's Former Counsel with the W.Va. Attorney General, filed an Order requiring that Respondent do so. (Document No. 65.) On March 22, 2013, Respondent filed his Response. (Document No. 68.) Petitioner filed his Reply to State's Response to Motion for Order Prohibiting Informal Communication on March 29, 2013. (Document No. 70.) Petitioner filed a Motion for Leave to File Amended Reply and an Amended Reply on March 30, 2013. (Document No. 71.)

    By his Motion for Order Prohibiting Informal Communication by Petitioner's Former Counsel with the W.Va. Attorney General (Document No. 59.), Mr. Gillooly states that he learned on March 12, 2013, that Respondent's counsel, Assistant Attorney General Mr. Robert Goldberg,

had a telephone conversation with Mr. Bruce on that day. Mr. Gillooly states that he called Mr. Goldberg to find out what he and Mr. Bruce had talked about and Mr. Goldberg would not tell him. Mr. Gillooly states that he then called Mr. Bruce and, after being placed on hold for a long time, was told that Mr. Bruce had left the office. Citing the District Court's Local Rule of Civil Procedure 83.7, American Bar Association Formal Opinion 10-456, Magistrate Judge Stanley's decision in Hicks v. United States and Magistrate Judge Eifert's decision in Talouzi v. United States, Petitioner asserts that Mr. Goldberg violated the Model Rules of Professional Conduct by engaging in an "informal communication with Mr. Bruce and has not cooperated in the sharing of information. Petitioner attached a copy of the American Bar Association's Formal Opinion 10-456 to his Motion.

By his Motion for Leave to Conduct Discovery (Document No. 60.), Petitioner states that discovery is necessary because of the circumstances asserted in his Motion to Prohibit Informal Communication by Mr. Bruce with Mr. Goldberg, *i.e.*, the informal communication between the two and their refusal to cooperate, and states that he anticipates taking the depositions of Mr. Bruce and possibly other persons including Mr. Bruce's office staff who might have information respecting Mr. Bruce's representation of Petitioner. By his Answer in Opposition to Petitioner's Motion for Leave to Conduct Discovery (Document No. 62.), Respondent contends that Petitioner has not shown good cause or any cause at all why discovery is necessary as required under Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Respondent states that "this Court has scheduled an evidentiary hearing, and has ordered Mr. Bruce's presence along with all relevant documentation. There is no need for depositions." By his Reply to State's Response Opposing Discovery (Document No. 64.), Petitioner reiterates the reasons he has requested discovery from his Motion to Prohibit Informal Communication by Mr. Bruce with Mr. Goldberg.

Attaching a copy of documents from Huttonsville Correctional Center, Petitioner states that the documents show that "Mr. Bruce traveled to Huttonsville and met with the Petitioner on April 7, 2011, a date when Mr. Bruce apparently claims he no longer represented the Petitioner. April 7, 2011, is also a date when the Petitioner's only remaining (or at least his next remaining) remedy was a federal habeas corpus petition (under 28 U.S.C. § 2254), which Mr. Bruce has asserted that he never agreed to file."[2]

---

[2] Following a jury trial in the Circuit Court of Summers County, West Virginia, during which he was represented by Mr. Bruce, Petitioner was convicted on September 30, 2004, of four counts of sexual abuse by a parent. (Document No. 32-1, p. 50.) Thereafter, Mr. Bruce filed post-conviction motions in the Circuit Court (*Id.*, p. 56.) and a Petition for Appeal in the West Virginia Supreme Court of Appeals. (*Id.*, pp. 2-39.) The Supreme Court of Appeals denied Petitioner's appeal by *per curiam* opinion on November 29, 2006. *State v. Daugherty*, 221 W.Va. 15, 650 S.E.2d 114 (2006). Petitioner filed a Petition for rehearing on December 26, 2006, and the West Virginia Supreme Court denied it on January 24, 2007. Petitioner filed a Petition for Certiorari in the United States Supreme Court on April 18, 2007, and the Supreme Court denied it on October 1, 2007. *Daugherty v. West Virginia*, 522 U.S. 829, 128 S.Ct. 49, 169 L.Ed.2d 44 (2007). The 28 U.S.C. § 2244(d)(1)(A) one year limitation period began to run therefore on October 1, 2007, and ran on October 1, 2008, and Mr. Bruce was clearly representing Petitioner throughout that period of time. About four months after the one-year period expired, Mr. Bruce filed a Petition for Writ of Habeas Corpus in the Circuit Court of Marshall County on February 2, 2009, and the Petition was immediately transferred to the Circuit Court of Summers County. The Circuit Court held an omnibus hearing on June 22, 2009, and issued an Order on December 11, 2009, denying Petitioner's *habeas* Petition on the merits. Mr. Bruce filed a Petition for Appeal of the Circuit Court's decision on May 12, 2010, and the Supreme Court of Appeals refused it on June 22, 2010. It appears that about 8 ½ months after the Supreme Court of Appeals refused Petitioner's Petition for Appeal of the Circuit Court's decision upon his *habeas* Petition, Mr. Bruce visited Petitioner at Huttonsville for about an hour and twenty minutes in April, 2011. Thereafter, Petitioner filed documents *pro se* in the West Virginia Supreme Court and the Circuit Court of Summers County. Petitioner also filed a complaint with the West Virginia Office of Disciplinary Counsel some time in 2011 before he initiated this matter. Petitioner filed his Petition Under 28 U.S.C. § 2254 by a Person in State Custody on December 6, 2011. (Document No. 1.) Respecting Petitioner's complaint about his representation to the West Virginia Office of Disciplinary Counsel, Mr. Bruce sent a letter to that office on September 19, 2011, indicating that his firm had charged Petitioner $92,389 for his legal services and had received payment in the amount of $44,775.90. Mr. Bruce stated in that letter that "[w]e exhausted every legal remedy that we in good faith could present to the courts." Mr. Bruce further stated that "[t]his firm at no time committed to or contracted with Mr. Daugherty to file a Federal post-conviction proceeding. In addition, we received no money to do so nor would we accept any money." (Document No. 1 - 1.)

By his Response to Petitioner's Motion for Order Prohibiting Informal Communications by Petitioner's Former Counsel with the West Virginia Attorney General (Document No. 68.), Respondent asserts that the Petitioner's sentence became final when the United States Supreme Court refused his Petition for a Writ of Certiorari on October 1, 2007, and the 28 U.S.C. § 2244(d)(1)(A) one year limitation period ran on October 1, 2008, well before Petitioner filed his first State *habeas* Petition on February 2, 2009.[3] Respondent further asserts that no "tolling event" occurred within the one-year period. Respondent urges therefore that the Court should not consider whether Petitioner is entitled to equitable tolling when Petitioner did not file a Section 2254 Petition during the one-year period, and Mr. Bruce's meeting with Petitioner at the Huttonsville Correctional Center in April, 2011, is irrelevant. Next and alternatively, citing the American Bar Association's Formal Opinion 10-456 and several decisions of this Court respecting it, Respondent requests that the Court require Mr. Bruce to submit an affidavit containing information in response to Petitioner's claim in this matter. Finally, Respondent claims Mr. Goldberg's conversations with Mr. Bruce are protected under the work product doctrine and therefore not subject to disclosure. Respondent states further that Mr. Goldberg and Mr. Bruce initially cooperated with Mr. Gillooly , but stopped when

---

It appears that Mr. Bruce sent Petitioner a letter on November 2, 2011, advising Petitioner that "our representation of you concluded following denial of the Petition for Writ of Habeas Corpus by the West Virginia Supreme Court of Appeals." (Document No. 15.) As indicated above, that denial occurred on June 22, 2010.

[3] Mr. Bruce's representation of Petitioner in State *habeas* proceedings presented legal and ethical difficulties as Mr. Bruce had represented Petitioner at trial and on appeal. Claims of ineffective assistance of trial and appellate counsel are commonly raised in State and Federal *habeas* proceedings. Representing Petitioner in State *habeas* proceedings, Mr. Bruce was no doubt strongly disinclined to assert any claim that he was ineffective in representing Petitioner at trial and on appeal, and Petitioner was therefore effectively foreclosed from claiming Mr. Bruce's ineffectiveness in State and Federal *habeas* proceedings by Mr. Bruce's continuing representation.

Mr. Gillooly "accused Mr. Bruce of lying to the Office of Disciplinary Counsel, and threatened to investigate his personal life." Respondent requests that Petitioner's Motions be regarded moot and his Section 2254 Petition be dismissed or alternatively, that the Court proceed as the American Bar Association's Formal Opinion 10-456 and decisions of this Court applying it contemplate requiring that Petitioner submit a written waiver of his attorney-client privilege and that Mr. Bruce submit an affidavit containing information respecting Petitioner's claim.

By his Reply to Petitioner's Response (Document No. 70.), Petitioner makes it clear that he is claiming that Mr. Bruce violated the American Bar Association's Formal Opinion 10-456 by communicating with Mr. Goldberg without Petitioner's written waiver of his attorney-client privilege and permission of the Court. Petitioner asserts that Mr. Bruce has a continuing ethical duty of loyalty and confidentiality to him as his former client. In a March 18, 2013, letter from Mr. Bruce's associate, Ms. Christine Stump, to Mr. Gillooly, a copy of which is attached to Petitioner's Reply, Ms. Stump writes that "the alleged 'continuing duty of loyalty' you claim Mr. Bruce is violating is non-existent. . . . Rule 1.6 of the West Virginia Rules of Professional Conduct permits Mr. Bruce to discuss his past representation of Mr. Daugherty with Mr. Robert Goldberg." Petitioner further contends that Respondent's initial claim that the issues posed by Petitioner's Motion for Order Prohibiting Informal Communication between Mr. Bruce and Mr. Goldberg are moot because Petitioner filed his Section 2254 Petition out of time is without merit as the Court has determined that circumstances might exist which would permit equitable tolling. Finally, Petitioner asserts that Respondent's request in the alternative that Mr. Bruce be required to submit an affidavit should be denied. Petitioner states that "[i]t is too late for the State to call for an affidavit. The State has obtained information outside the boundaries of that model, and the Court has already ordered

testimony in Court. The State has already had secret discussions with Petitioner's former counsel, the content of which the State declares it will keep to itself. The State has participated . . . in conduct that undermines Petitioner's right to confidentiality with respect to his former lawyer." Petitioner states further that "[i]t would be unfair to permit the State and Mr. Bruce to consult and strategize in advance of the evidentiary hearing in this case, without permitting Petitioner to engage in limited discovery." Petitioner's Amended Rely (Document No. 71.) is substantially the same as his Reply except where Petitioner discusses the focus of an ineffective assistance of counsel claim and the Court's role in administering it.

## DISCUSSION

Local Rule of Civil Procedure 83.7 provides that attorneys must abide by certain codes of professional conduct in all matters before the Court as follows:

> In all appearances, actions and proceedings within the jurisdiction of this court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

Model Rule of Professional Conduct 1.6(b)(5) states as follows respecting the confidentiality of attorney-client information:

> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).
> (b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
> \* \* \*
> (5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved or to respond to allegations in any proceeding concerning the lawyer's representation of the client[.]

7

Model Rule of Professional Conduct 1.9(c) states as follows respecting an attorney's duties to a former client:

> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known, or
>
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

On July 14, 2010, The American Bar Association's Standing Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456 captioned "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claims."[4] The Opinion clearly applies when an attorney is required to provide relevant privileged and non-privileged information in response to a former client's claim of ineffective assistance of counsel. The Opinion states that "[e]ven if information sought by the prosecution is relevant and not privileged, it does not follow that trial counsel may disclose such information outside the context of a formal proceeding, thereby eliminating the former client's opportunity to object and obtain a judicial ruling." The Opinion states further that "[w]hen a former client calls the lawyer's representation into question by making an ineffective assistance of counsel claim, * * * the legal controversy is not between the client and the lawyer." The Opinion states that "[p]ermitting disclosure of client confidential information outside court-supervised proceedings undermines important interests

---

[4] The American Bar Association's Committee on Ethics and Professional Responsibility issues formal opinions to address broadly general issues respecting the provisions of the Model Rules of Professional Conduct. Formal opinions state the ABA's interpretations of the provisions of the Rules and are advisory and unenforceable. Formal Opinion 10-456 is the Committee's interpretation of Model Rule of Professional Conduct 1.6(b)(5).

protected by the confidentiality rule." The Opinion concludes that "it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable."

Since the American Bar Association's issuance of Formal Opinion 10-456, this Court has adopted a procedure for considering ineffective assistance claims consistent with it. In Hicks v. United States, 2010 WL 5441679 (S.D.W.Va.), Magistrate Judge Stanley concluded in view of Formal Opinion 10-456 that "in the context of either a § 2254 petitioner or a § 2255 motion alleging denial of ineffective assistance of counsel, * * * it appears to be necessary for the district courts, when considering habeas corpus petitions alleging denial of ineffective assistance of counsel, to supervise the government's requests for disclosure of privileged communications between defendant and defense attorney." In Hudson v. United States, 2011 WL 3667602 (S.D.W.Va.), ruling upon the United States' Motion for an Order Finding Waiver of Attorney-Client Privilege and Motion to Compel Production of Records, Magistrate Judge Eifert ordered Movant's trial attorney to file an affidavit addressing Movant's claims and limited the use of the affidavit to the Section 2255 proceeding. Magistrate Judge Eifert also denied the United States' request to speak with Movant's trial attorney "outside the presence of Movant and the Court, regarding his representation of Movant" and the United States' request for documents in Movant's trial attorney's possession. Talouzi v. United States, 3778848 (S.D.W.Va.) In Hall v. United States, 2012 WL 3822163 (S.D.W.Va.) and Belcher v. United States, 2012 WL 5386564 (S.D.W.Va.), ruling upon the United States' Motions for Orders Directing Movants to File Privilege Waivers and Orders Directing Movants' Former Counsel to Provide Information to the United States Concerning Movants' Claims of Ineffective Assistance of Counsel, Magistrate Judge Eifert ordered Movants' trial attorneys to file

9

affidavits addressing Movants' claims and attach copies of relevant documents. Magistrate Judge Eifert further limited the use of the affidavits to the Section 2255 proceedings.

It is clear that a procedure for considering claims of ineffective assistance of counsel in Section 2254 and Section 2255 proceedings in view of the American Bar Association's Formal Opinion 10-456 was established before Petitioner initiated this matter and has developed while this matter has been pending. When it appears that a claim of ineffective assistance of counsel cannot be resolved on purely legal grounds and requires presentation of factual information from the Petitioner's or Movant's trial and/or appellate attorney(s), the attorney for the State or the United States responding to the claim must file a request that the Court order the Petitioner's or Movant's trial and/or appellate attorney(s) to file an affidavit and documents addressing the claim. The Court will then require Petitioner's or Movant's trial and/or appellate attorney(s) to file an affidavit mindful of the limitations upon disclosure of confidential and attorney-client information under Model Rule of Professional Conduct 1.6. Unsupervised communications between the Petitioner's or Movant's trial and appellate attorney and the attorney for the State or the United States in Section 2254 and Section 2255 proceedings are prohibited. This process insures against a broader disclosure of confidential and attorney-client privileged information than necessary respecting the Petitioner's or Movant's claim of ineffective assistance of counsel.

In this case, it appears that when the Court ordered the Evidentiary Hearing, Mr. Bruce engaged in separate discussions with Mr. Goldberg and Mr. Gillooly about Petitioner's claim that Mr. Bruce failed to file a Section 2254 Petitioner within the Section 2244(d)(1) one-year period of limitation notwithstanding the conclusion of the American Bar Association Committee in Formal Opinion 10-456 that "it is highly unlikely that a disclosure in response to a prosecution request, prior

10

to a court-supervised response by way of testimony or otherwise, will be justifiable." It further appears that Mr. Bruce, having engaged in discussions with Mr. Gillooly and Mr. Goldberg at first, then viewed these proceedings as adverse to him when Formal Opinion 10-456 states that "the legal controversy is not between the client and the lawyer." In view of these circumstances, if the Court requires Mr. Bruce to submit an affidavit as Respondent requests, Petitioner will no doubt ask to examine Mr. Bruce respecting it. Depositions as Petitioner requests will be contentious and potentially expansive. The Court will therefore grant Petitioner's Motion for Order Prohibiting Informal Communication by Petitioner's Former Counsel with the W.Va. Attorney General (Document No. 59.), deny Petitioner's Motion for Leave to Conduct Discovery (Document No. 60.) and reschedule the Evidentiary Hearing.

It is therefore hereby **ORDERED** that Petitioner's Motion for Order Prohibiting Informal Communication by Petitioner's Former Counsel with the W.Va. Attorney General (Document No. 59.) is **GRANTED**. Mr. Bruce and his representatives shall have no further communications with Mr. Goldberg or any other employees of the West Virginia Attorney General. Petitioner's Motion for Leave to Conduct Discovery (Document No. 60.) is **DENIED**. An Evidentiary Hearing is scheduled for **Tuesday, June 4, 2013, at 10:30 a.m.**, to consider whether or not Petitioner requested that Mr. Bruce represent him in federal *habeas corpus* proceedings by filing a Section 2254 Petition and Mr. Bruce indicated that he would do so and failed to file a Section 2254 Petition within the one-year limitation period. Mr. Bruce shall be in attendance and have all documents including retainer agreements, letters, receipts, invoices and other evidence germane to the issue described above in his possession. It is further **ORDERED** that the Clerk shall issue a Writ of Habeas Corpus ad Testificandum to the Warden of McDowell County Correctional Center requiring Petitioner to be

delivered to the Federal Courthouse in Beckley West Virginia, for the Evidentiary Hearing on **June 4, 2013, at 10:30 a.m.**

The Clerk is directed to transmit/send a copy of this Order to counsel of record, Mr. Barry Bruce[5], the Warden of McDowell County Correctional Center, the United States Marshal for the Southern District of West Virginia, and Petitioner.

ENTER: April 18, 2013.

R. Clarke VanDervort
United States Magistrate Judge

---

[5] Mr. Bruce's mailing address is 101 W. Randolph Street, Lewisburg, WV 24901.