# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **TONY DAUGHERTY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:12-00043** |
| ) | |
| **DENNIS DINGUS, Warden,** ) | |
| **McDowell County Correctional Center,** ) | |
| ) | |
| **Respondent.** ) | |

## O R D E R

Pending before the Court is Respondent's "Objections to Petitioner's Motion for Leave to Conduct Discovery and the Subsequent August 4, 2015, Order Directing Respondent to Bear the Costs of Discovery, and Respondent's Incorporated Motion to Reconsider" (Document No. 137), filed on August 11, 2015.

On July 27 and 28, 2015, Petitioner filed a "Motion for Leave to Conduct Discovery" (Document No. 132) and "Motion to Supplement Record" (Document No. 135.). In Petitioner's Memorandum in Support of his Motions, Petitioner stated that a complete copy of the criminal trial transcripts were not part of the record. (Document No. 134.) Petitioner explained that he filed a petition for writ of mandamus with the West Virginia Supreme Court on November 18, 2011. (Document No. 32-2, p. 89.) Petitioner noted that in responding to his petition for writ of mandamus, Managing Deputy Attorney General Barbara Allen acknowledged that even though Court Reporter Veronica Bird swore in an affidavit on December 27, 2006, that she had filed a complete copy of the trial transcripts with the Summers County Circuit Clerk on February 1, 2006, no such transcripts were on file as of February 2012. (Id., p. 87) Petitioner stated that on July 27, 2012, the West

Virginia Supreme Court "issued a rule to show cause directing Reporter Bird to show cause why a writ should not issue commanding her to produce the transcripts." (Document No. 134, p. 2.) Petitioner asserted that after approximately six months, Court Reporter Bird filed trial transcripts with the Summers County Circuit Court. (Id.) In his Motion, Petitioner continued to complain that his trail transcripts appear to be incomplete. (Id.) Petitioner noted that "Ms. Bird's affidavit states that she was the court reporter in [Petitioner's] jury trial on September 23, 24, 28, 29, and 30, 2004." (Id.) Petitioner, however, explained that Court Reporter Bird filed transcripts for September 23, 24, 27, 29, and 30. (Id.) Petitioner argued that even though Court Reporter Bird's Affidavit states she was the court reporter on September 28, 2004, she did not file a transcript for that date. (Id.) Petitioner contended that Court Reporter Bird filed a transcript for September 27, 2004, which was not a date listed in her affidavit. (Id.)

By Order entered on August 4, 2015, the undersigned granted Petitioner's "Motion for Leave to Conduct Discovery" and "Motion to Supplement Record." (Document No. 136)

In his Objections and Motion for Reconsideration, Respondent argues that Petitioner's above Motions should have been denied. (Document No. 137.) First, Respondent argues that Petitioner did not prove that transcripts are deficient beyond mere speculation. (Id.) Respondent notes that Petitioner improperly relied upon a separate, unrelated case (Rowe) in support of his request for discovery. (Id.) Respondent argues that the record in the instant case only reveals a "probable clerical error mislabeling the court reporter's date" and the "late fashion" in which the transcripts were filed. (Id.) Respondent contends that the foregoing is insufficient to allow discovery. (Id.) Next, Respondent argues that the Court's ruling was premature because the trial transcripts have not yet been obtained by Respondent's counsel or filed. Respondent suggests that after the filing and review

2

of transcripts, the parties can better advise the Court as to any alterations or missing portions of the transcripts. (Id.) Third,, Respondent requests that if the Court's Order stands, the Court should provide clarity as to the process for the generation of new transcripts. (Id.) Respondent notes that he objects to giving the audio tapes of the criminal trail to Petitioner's counsel for "clean up." (Id.) Respondent argues that "such a process could only stand to fatally alter the content of said tapes meaning that the new audio recordings would not only be altered version of the original tapes, but would also be inauthentic for purposes of federal evidentiary law." (Id.) Respondent suggests that the Court clarify the Order "allowing Respondent to select a new court reporter through the State bidding process" and allow that court reporter to take control of the audio tapes and furnish new transcripts.

In Reply, Petitioner argues Respondent "grossly misrepresents the relief sought by Petitioner. (Document No. 138.) Petitioner states that he never requested to be given the audio tapes of the criminal trial to "clean up." (Id.) Petitioner further notes that if the existing transcripts prove to be inaccurate, "Petitioner will seek to have accurate version produced and made part of the record." (Id.) Finally, Petitioner contends that Respondent has no basis to presume the error in Court Reporter Bird's Affidavit was a "clerical error." (Id.) Petitioner notes that Respondent "ignores the fact that she claimed under oath that she filed the transcripts some seven years earlier than she actually did." (Id.) Petitioner, therefore, argues that Respondent's Motion to Reconsider should be denied. (Id.)

The undersigned conducted a hearing on August 13, 2015. Respondent appeared by counsel Shannon F. Kiser. Petitioner appeared by counsel Thomas Gillooly. During the hearing, the undersigned heard arguments from counsel. The parties continued to assert the same arguments as

described above. Petitioner's counsel further informed the Court that Petitioner asserts that his wife, Penny Daugherty, testified during the criminal trial but Mrs. Daugherty's testimony is not contained in the trial transcripts. Petitioner's counsel stressed the importance of reviewing the trial transcripts in comparison to the audio recordings.

A federal *habeas* petitioner is not entitled to discovery as a matter of ordinary course. <u>Bracy v. Gramley</u>, 520 U.S. 899, 904, 117 S.Ct. 1793, 1796-97, 138 L.Ed.2d 97 (1997). Rule 6(a) of the Rules Governing Section 2254 Proceedings, provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." The party requesting discovery, however, must provide reasons for the request and include "any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b).

For the same reasons as described in the undersigned's Order dated August 4, 2015, Respondent's Motion to Reconsider is denied. The record clearly establishes good cause to allow Petitioner to conduct discovery to obtain a copy of the audio records of the criminal trial for comparison with the trial transcripts. It is of the upmost importance that Petitioner has a complete and accurate copy of his criminal trial transcripts. Respondent incorrectly argues that the undersigned's Order directed Respondent to be responsible for the cost of the "clean up" of the audio tapes of the criminal trial. The issue concerning any "clean up" of the audio tapes was not addressed in the undersigned's Order and it is unknown at this point whether such a "clean up" will be necessary. The undersigned's Order only directed Respondent to "provide Petitioner access to the original record of the Petitioner's trial in the format in which Court Reporter Bird recorded it" so that a copy could be made at Respondent's expense. Additionally, Respondent incorrectly argues

that the undersigned directed Respondent to be responsible for the cost of the preparation of new transcripts. The undersigned's prior Order directed Respondent to supplement the record by filing a copy of Petitioner's criminal trial transcripts in the instant action. It is unknown at this point whether the prior transcripts are inaccurate or incomplete such that the preparation of new transcripts will be necessary. Accordingly, it is hereby **ORDERED** that Respondent's Motion for Reconsideration (Document No. 137), is **DENIED**.

The Clerk is requested to send a copy of this Order to Petitioner and transmit a copy to counsel of record.

ENTER: August 17, 2015.

R. Clarke VanDervort
United States Magistrate Judge