**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

TONY DAUGHERTY,        )
      Petitioner,      )
                   )
v.                  )        **CIVIL ACTION NO. 5:12-0043**
                   )
DENNIS DINGUS, Warden,   )
      Respondent.    )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss, Directed to the District Court, Petitioner's Habeas Petition, as Petitioner is No Longer in State Custody" (Document No. 162), filed on November 20, 2015. Having examined the record and considered the applicable law, the undersigned has concluded that Respondent's above Motion (Document No. 162) should be denied.

## PROCEDURE AND FACTS

By Indictment filed on March 23, 2001, Petitioner was charged with four counts of First Degree Sexual Assault (Counts I, V, IX, and XIII), four counts of Third Degree Sexual Assault (Counts II, VI, X, and XIV), four counts of Sexual Abuse by a Parent (Counts III, VII, XI, XV), and four counts of Incest (Counts VI, VIII, XII, and XVI) in Summers County, West Virginia. State v. Daugherty, Case No. 01-F-46 (Cir. Ct. Summers Co. Sept. 30, 2004). Following a jury trial, Petitioner was convicted on September 30, 2004, of four counts of Sexual Abuse by a Parent. (Document No. 32-1, p. 50.) On March 25, 2005, Petitioner, by counsel, Barry L. Bruce, filed a Motion for a Judgment of Acquittal and New Trial. (Id., p. 56.) The Circuit Court denied Petitioner's Motion the same day. By Order dated September 26, 2005, the Circuit Court sentenced Petitioner to imprisonment in the penitentiary to "not less than ten nor more than twenty years for each count of the four counts of Sexual Abuse by a Parent for which the Defendant stands convicted, the said

sentences to run concurrent with one another." (<u>Id.</u>, pp. 51 - 52.) On October 6, 2005, Petitioner, by counsel, filed a Motion for New Trial alleging jury misconduct. (<u>Id.</u>, p. 56.) The Circuit Court conducted an evidentiary hearing on November 30, 2005. (Document No. 32-1, pp. 40 - 49.) By Order dated December 27, 2005, the Circuit Court denied Petitioner's Motion for New Trial. (<u>Id.</u>)

On February 2, 2006, Petitioner, by counsel, Mr. Bruce, filed a petition for appeal with the West Virginia Supreme Court of Appeals. (<u>Id.</u>, pp. 2 - 39.) In his petition, Petitioner asserted the following errors:

A.  Defendant asserts that the Circuit Court erred in denying Defendant's Motion for New Trial based on juror bias on the grounds that Defendant failed to establish prejudice as a result of Juror McBride's presence on the jury.

B.  Defendant asserts that he was deprived of his Constitutional right to be tried by a jury free from bias and prejudice due to Juror McBride's presence on the jury.

C.  Defendant asserts that the Circuit Court erred in denying Defendant's Motion for Acquittal in that the State of West Virginia failed to produce sufficient evidence to sustain Defendant's conviction.

D.  Defendant asserts that he was deprived of his Constitutional right to a fair trial as a result of improper and prejudicial remarks made by the Summers County Prosecuting Attorney.

E.  Defendant asserts that he was deprived of his Constitutional right to a fair trial by the use of an improper jury instruction which led to a non-responsive verdict, a non-unanimous verdict, or a compromised verdict.

F.  Defendant asserts that he was deprived of his Constitutional right to a fair trial based on the cumulative effect of:

1.  The improper dismissal of the alternative juror;
2.  The improper judicial comments to the jury relating to the Allen Charge; and
3.  The prejudicial effect of the dropped charges.

(<u>Id.</u>) On May 10, 2006, the West Virginia Supreme Court granted Petitioner's "petition for appeal

as to Assignment of Error # 1 only." (Id., p. 59.) By Per Curiam Opinion entered on November 29,

2006, the West Virginia Supreme Court denied Petitioner's appeal. State v. Daugherty, 650 S.E.2d

114 (W.Va. 2006)(*per curiam*). Petitioner, by counsel, filed a petition for rehearing on December

29, 2006. The West Virginia Supreme Court denied Petitioner's petition on January 24, 2007. (Id.,

p. 64.) Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied

on April 18, 2007. Daugherty v. West Virginia, 552 U.S. 829, 128 S.Ct. 49, 169 L.Ed.2d 44 (2007).

On February 2, 2009, Petitioner, by counsel, Mr. Bruce, filed his first Petition for Writ of

*Habeas Corpus* in the Circuit Court of Marshall County. By Order entered the same day, the Petition

was transferred to Summers County. Daugherty v. Seifert, Case No. 09-C-007 (Cir. Ct. Summers

Co. Dec. 11, 2009). In his Petition, Petitioner alleged the following grounds for relief:

    1.       Petitioner's right to an impartial jury was violated.

    2.       The West Virginia Supreme Court of Appeals failed to consider the entire
            record on direct appeal.

(Id., pp. 23 - 25.) The Circuit Court conducted an omnibus hearing on June 22, 2009. (Id., p. 21.)

By order dated December 11, 2009, the Circuit Court made findings of fact and conclusions of law

addressing the grounds raised by Petitioner, and denied his *habeas* petition on the merits. (Id., pp.

21 - 25.)

On May 12, 2010, Petitioner, by counsel, Mr. Bruce, filed his petition for appeal from the

Circuit Court's decision. (Document No. 32-2, p. 5 - 20.) In his petition for appeal, Petitioner

asserted the following errors:

    1.       Petitioner's right to an impartial jury was violated.

    2.       The West Virginia Supreme Court of Appeals failed to consider the entire record.

(Id.) On June 22, 2010, the West Virginia Supreme Court refused Petitioner's appeal. (Id., p. 4.);

3

State v. Daugherty, Case No. 100582 (W. Va. June 22, 2010).

On November 18, 2011, Petitioner, acting *pro se*, filed a Petition for Writ of Mandamus in the West Virginia Supreme Court. (Id., pp. 32 - 36.); Daugherty v. Hoke, Case No. 11-1614 (W. Va.). In his petition, Petitioner argues that his due process rights were violated because he was denied his right to appeal and denied a copy of his trial transcripts. (Id.) On January 27, 2012, Petitioner, acting *pro se*, filed his second Petition for Writ of *Habeas Corpus* in the Circuit Court of Summers County. (Id., pp. 38 - 45.); Daugherty v. Hoke, Case No. 12-C-124 (Cir. Ct. Summers Co.). In his Petition, Petitioner alleged the following grounds for relief:

1.   Petitioner's right to an impartial jury was violated.

2.   The West Virginia Supreme Court of Appeals failed to consider the entire record; no transcripts.

3.   There was no crime and no biological proof of any crime.

4.   My attorney was incompetent in filing any kind of appeal without both sides of the transcripts.

(Id., pp. 41 - 42.) On February 16, 2012, Respondent filed in the West Virginia Supreme Court a "Motion of the Respondents, Circuit Court of Summers County and Adrian Hoke, Warden, to Consolidate Cases and Permit the Respondents to File a Consolidated Summary Response" regarding Petitioner's Petition for Writ of Mandamus and second *habeas* Petition. (Id., p. 78 - 82.) By Order entered on March 13, 2012, the West Virginia Supreme Court granted Respondent's Motion and consolidated the actions. (Id., p. 77.) The West Virginia Supreme Court issued a rule to show cause directing Court Reporter Bird to show cause why a writ should not be issued commanding her to produce the transcripts. The transcripts were filed in State court on February 11, 2013. On February 19, 2013, the West Virginia Supreme Court dismissed Petitioner's Writ of

4

Mandamus and Habeas Petition. (Id.)

On December 6, 2011, Petitioner, acting *pro se*, filed a Petition Under 28 U.S.C. § 2254 For Writ of *Habeas Corpus* By a Person in State Custody in the Northern District of West Virginia. (Document No. 1.) On the same date, the Clerk of the Court sent Petitioner a "Notice of Deficient Pleading" and appropriate forms. (Document No. 3.) On December 16, 2011, Petitioner filed his form Petition Under 28 U.S.C. § 2254 For Writ of *Habeas Corpus* By a Person in State Custody. (Document No. 6.) Petitioner alleged the following grounds for *habeas* relief:

1.   Prejudice of a Juror McBride and currently I feel ineffective counseling since Mr. Bruce won't finish the job because he feels there's no justice for one accused of such crimes.

2.   Jury prejudice, no transcripts, ineffective counseling.

(Id.) By Order entered January 9, 2012, the Northern District of West Virginia transferred the case to this District. (Document No. 12.) Specifically, the Northern District determined that Petitioner was challenging his State Court conviction arising out of the Circuit Court of Summers County, West Virginia, which is located within the jurisdiction of the Southern District of West Virginia. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 14.) By Order entered on June 12, 2012, the undersigned directed Respondent to show cause, if any, why Petitioner's Petition should not be granted. (Document No. 26.) On July 30, 2012, in response to the Court's Order, Respondent filed his Answer, Motion for Summary Judgment and Memorandum in Support thereof with Exhibits. (Document Nos. 31, 32, and 37.) On July 31, 2012, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to

5

Respondent's Motion for Summary Judgment. (Document No. 35.) On September 19, 2012, Petitioner filed his letter-form Response to Respondent's Motion for Summary Judgment arguing that he was entitled to equitable tolling based upon misconduct by Mr. Barry Bruce, his trial and *habeas* counsel. (Document No. 41.)

By Order filed on January 11, 2013, the Court scheduled an evidentiary hearing in view of Petitioner's claim that he retained Mr. Bruce to file a Section 2254 Petition and required Mr. Bruce to attend. (Document No. 48.) By Order filed on January 15, 2013, the Court appointed attorney Thomas J. Gillooly pursuant to 18 U.S.C. § 3006A(b) to represent Petitioner "at the . . . hearing and in further proceedings thereafter if appropriate." (Document No. 50.) The Court held the evidentiary hearing on June 4, 2013. (Document Nos. 78 - 81.) By Proposed Findings and Recommendation entered on October 30, 2014, the undersigned recommended that the District Court deny Respondent's Motion for Summary Judgment "and refer this matter back to the undersigned for further proceedings respecting the merits of Petitioner's claims including any claims he might raise that Mr. Bruce was ineffective in representing him if appropriate." (Document No. 111.) By Memorandum Opinion and Order entered on November 20, 2014, United States District Judge Irene C. Berger adopted the undersigned's recommendation and referred the matter back to the undersigned for further proceedings. (Document No. 117.)

By Order entered on November 21, 2014, the undersigned granted Petitioner's request to file an Amended Petition. (Document No. 119.) Petitioner filed five unopposed Motions for Extension of Time, which this Court granted. (Document No. 120 - 122, 124 - 130.) On July 27, 2015, Petitioner filed Motion to Suspend Scheduling Deadlines and Motion for Leave to Conduct Discovery. (Document No. 131 - 132.) By Order entered on August 4, 2015, the undersigned granted

6

Petitioner's Motions. (Document No. 136.) Respondent filed Objections and a Motion to Reconsider on August 11, 2015. (Document No. 137.) Following a hearing on August 13, 2015, the undersigned denied Respondent's Motion to Reconsider. (Document No. 141.)

On November 20, 2015, Respondent filed the following: (1) A "Motion to Reconsider, directed to the District Court, the Magistrate Court's August 4, 2015, Order Granting Discovery, and the Magistrate Court's August 17, 2015, Order Denying Respondent's Motion for Reconsideration" (Document No. 160); (2) A "Motion for Stay, Directed to the District Court, of the Magistrate Court's August 4, 2015, Order Granting Discovery, and the Magistrate Court's August 17, 2015, Order Denying Respondent's Motion for Reconsideration" (Document No. 161); and (3) A "Motion to Dismiss, Directed to the District Court, Petitioner's Habeas Petition, as Petitioner is No Longer in State Custody." (Document No.  162.).

## ANALYSIS

In his Motion to Dismiss, Respondent argues that Petitioner's *habeas* petition must be dismissed because Petitioner is no longer in State custody. (Document No. 162.) Respondent states that Petitioner's Petition must be dismissed because "[u]pon filing an Amended Petition, Petitioner will no longer be in the custody of the State of West Virginia." (Id.) Respondent, therefore, contends that "[r]elief under 28 U.S.C. § 2254 has been rendered improper." (Id.) Respondent claims that "any grounds added to the Amended Petition will not have been adjudicated by the State courts on the merits of such claims, meaning that all claims Petitioner chooses to add to any forthcoming will be unexhausted." (Id.) Respondent argues that "Petitioner's claims are better suited for review in *coram nobis*." (Id.)

Section 2254 provides that a petitioner must be "in custody pursuant to the judgment of a

State Court." Thus, it is well established that a petitioner must be "in custody" when his *habeas* petition is filed. Carafas v. LaValle, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968). "[O]nce the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of the proceedings on such application. Id.; also see Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1997)(finding that the "in custody" provision of Section 2254 requires only that the petitioner be incarcerated at the time the petition is filed.); Leonard v. Hammon, 804 F.2d, 838 (4th Cir. 1986)(finding that petitioner's subsequent release had no effect upon the court's jurisdiction). The record in the instant case reveals that Petitioner was "in custody" at the time his Section 2254 Petition was filed on December 6, 2011. Thus, federal jurisdiction was established upon the filing of the Petition. Petitioner's subsequent release from custody does not divest this Court of jurisdiction. Additionally, Petitioner's release from custody does not prohibit the amendment of a *habeas* petition. Although Respondent may wish to argue that some claims are moot or unexhausted once the Amended Petition is filed with the Court, these are not proper arguments for dismissal at this point in the proceedings.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Respondent's "Motion to Dismiss, Directed to the District Court, Petitioner's Habeas Petition, as Petitioner is No Longer in State Custody" (Document No. 162), and remand this matter back to the undersigned for further proceedings.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to transmit a copy to counsel of record.

Dated: December 2, 2015.

R. Clarke VanDervort
United States Magistrate Judge