IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

TONY DAUGHERTY,

          Petitioner,

v.                                         CIVIL ACTION NO.   5:12-cv-00043

HUTTONSVILLE CORRECTIONAL CENTER,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Respondent's Objections to the Magistrate Court's December 2, 2015, Order* (Document 167), the *Petitioner's Response to Respondent's Objections to the Magistrate Court's December 2, 2015 Order* (Document 169), the Magistrate Judge's December 2, 2015 *Order* (Document 165), and the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 166), as well as the underlying briefing.  For the reasons stated herein, the Court finds that the Respondent's appeal to the Magistrate Judge's order should be denied, the Respondent's objections to the PF&R overruled, and the Magistrate Judge's PF&R adopted.[1]

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

This case was initiated with a *Petition* (Document 1) filed on December 6, 2011, which was supplemented with a *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person*

---

[1] This matter was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, until he submitted the PF&R on December 2, 2015.  Magistrate Judge VanDervort has since retired, and the matter will be referred to the Honorable Omar J. Aboulhosn following issuance of this opinion.

*in State Custody* (Document 6) on December 16, 2011. The Petitioner alleges jury prejudice in his trial, ineffective assistance of counsel, and that the State of West Virginia failed to provide him with trial transcripts. In a *Proposed Findings and Recommendation* (PF&R) (Document 111) filed on October 30, 2014, Magistrate Judge VanDervort found that the "actions and omissions" of the Petitioner's former counsel "constitute[d] extraordinary circumstances justifying equitable tolling of the Section 2244(d)(1) statute of limitations" and recommended that this Court deny the Respondent's motion for summary judgment based on the statute of limitations. (10/30/14 PF&R at 31.) The Respondent did not object to the PF&R, and the Court filed a *Memorandum Opinion and Order* (Document 117) adopting the PF&R on November 20, 2014.[2]

Because counsel was appointed for the Petitioner, the Magistrate Judge entered an order permitting the Petitioner to file an amended petition. (11/21/14 Order) (Document 119.) The Petitioner sought and received a series of extensions while attempting to compile his case file and records. He then sought leave to conduct discovery in order to obtain a complete trial transcript, which had apparently not been filed during the Petitioner's state appellate and habeas proceedings, in part because the Petitioner's prior attorney waived the right to receive it. The Petitioner explained that obtaining a transcript was challenging because of the court reporter's alleged unreliability, noting that she filed affidavits falsely stating that the transcripts had been filed. (Documents 131, 132, 134, 135.) The Magistrate Judge granted the motions and entered an order requiring the Respondent to "provide Petitioner access to the original record of the Petitioner's trial in the format in which Court Reporter [Veronica] Bird recorded it and make Court Reporter

---

2 The Respondent filed a "response" to the PF&R, noting disagreement with the legal conclusions contained therein, but waiving the right to object. (Document 115.)

2

Bird available for deposition as Petitioner may request at Respondent's expense." (8/04/15 Order at 3-4) (Document 136.)

The Respondent filed *Respondent's Objections to Petitioner's Motion for Leave to Conduct Discovery and the Subsequent August 4, 2015, Order Directing Respondent to Bear the Costs of Discovery, and Respondent's Incorporated Motion to Reconsider* (Document 137). Therein, the Respondent requested a motion hearing and contended that the Petitioner had failed to offer any evidence beyond speculation that the trial transcripts were incomplete or inaccurate. The Respondent requested the transcripts be reviewed for potential deficiencies and compared to any audio tapes prior to any further discovery and that the Petitioner, with his federally appointed counsel, be required to fund his own discovery. Magistrate Judge VanDervort held a hearing on August 13, 2015, and subsequently denied the Respondent's motion for reconsideration. (8/17/15 Order) (Document 141.)

On September 10, 2015, the Respondent filed a status report indicating that the original audio tapes recorded by the court reporter had "apparently been lost, misplaced or destroyed." (Status Report at 1) (Document 154.) The Respondent further contends that the transcripts appear to be complete. The Petitioner filed a response, together with a supporting affidavit, asserting that his former spouse had testified at his trial, yet her testimony did not appear in the transcript. (Document 156.) He seeks to depose the court reporter.

On November 20, 2015, the Respondent filed the *Respondent's Motion to Reconsider, Directed to the District Court, the Magistrate Court's August 4, 2015, Order Granting Discovery, and the Magistrate Court's August 17, 2015, Order Denying Respondent's Motion for Reconsideration* (Document 160), the *Respondent's Motion for Stay, Directed to the District*

3

*Court, of the Magistrate Court's August 4, 2015, Order Granting Discovery, and the Magistrate Court's August 17, 2015, Order Denying Respondent's Motion for Reconsideration* (Document 161), the *Respondent's Motion to Dismiss, Directed to the District Court, Petitioner's Habeas Petition, as Petitioner is no Longer in State Custody* (Document 162), and the *Respondent's Omnibus Memorandum of Law in Support of His Motion to Reconsider, Motion for Stay, and Motion to Dismiss* (Document 163). Although the Respondent "directed" the motions to the District Court, the standing order of reference entered on January 10, 2012, provided that this matter be referred to the Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition. (Document 14.) Accordingly, the Magistrate Judge entered an order denying the motion to reconsider and the motion to stay (Document 165) and a PF&R recommending that this Court deny the motion to dismiss (Document 166). The Respondent has appealed the denial of the motions to reconsider and stay. (Document 167.)

**STANDARD OF REVIEW**

The parties have opposing positions with respect to the standard of review. The Respondent urges the Court to consider its arguments de novo. It asserts that its motions for reconsideration, to stay, and to dismiss were made before the district court under 28 U.S.C. § 636(b)(1)(A) and Local Rule of Civil Procedure 72.1(a). The Petitioner emphasizes the differing procedures and standards of review applicable to a magistrate judge's rulings on non-dispositive matters, as opposed to those applicable to a magistrate judge's proposed findings and recommendations on dispositive motions.

4

28 U.S.C. § 636(b)(1)(A) provides that district judges "may reconsider any pretrial matter [decided by a magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Thus, the Magistrate Judge's rulings on the Respondent's motions for reconsideration and to stay related to discovery matters are subject to review under a clearly-erroneous standard.

Dispositive motions may be referred to a magistrate judge for submission of proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B)-(C). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). Thus, any portion of the Magistrate Judge's PF&R, addressing the Respondent's motion to dismiss, to which the Respondent has specifically objected must be reviewed de novo. 28 U.S.C. § 636(b)(1)(C).

**DISCUSSION**

*A. Appeal of Order Denying Reconsideration and Stay*

The Respondent contends that it has "furnished both the Magistrate Court and Petitioner with a full and accurate transcript" and argues that, given the completeness of the transcript, the Petitioner's "claim that his ex-wife testified at trial [is] affirmatively impossible." (Obj. at 3.) It

5

argues that the Magistrate has ordered the West Virginia Office of the Attorney General to "fund the entirety of Petitioner's fishing expedition" for discovery outside the scope of the Petitioner's appeal and state habeas proceedings. (*Id.* at 4.) The Magistrate Judge denied the motion for reconsideration, explaining that his order would not permit discovery beyond that necessary to ensure that the Petitioner receives a complete and accurate transcript. Although the majority of the Petitioner's transcript was not filed until 2013, after the Petitioner's state habeas proceedings were completed, the Magistrate Judge found good cause to permit limited discovery, so as to ensure that the Petitioner's federal habeas petition is based on a complete and accurate record.

The Court finds that the Magistrate Judge's August 4, 2015 Order (Document 136) and subsequent post-hearing Order (Document 138) entered on August 17, 2015 are supported by the facts and evidence.[3] The Magistrate Judge found that Court Reporter Veronica Bird had sworn that she had filed a complete copy of the trial transcripts on February 1, 2006. However, the transcripts were not on file as of February, 2012. (8/17/15 Order at 1-2) (Document 141.) Ms. Bird finally filed transcripts approximately six months after the West Virginia Supreme Court issued an order directing her to show cause why a writ commanding her to produce the transcripts should not be issued. (*Id.* at 1-2.) Further, Ms. Bird filed an affidavit listing dates on which she was the court reporter for the Petitioner's trial, and those dates do not entirely match the dates of the transcripts she ultimately filed. (*Id.* at 2.) The Magistrate Judge also noted the Petitioner's allegation that the transcripts do not contain the testimony of a defense witness.[4] In ordering that

---

[3] The Magistrate Judge fully corrected any error or prejudice resulting from entering the August 4, 2015 order prior to the expiration of the response deadline without notifying the Respondent by promptly holding a hearing and entering a new order on August 17, 2015, after consideration of the Respondent's position.

[4] The Court cannot credit the Respondent's circular logic that the transcripts are complete, and so any evidence of incompleteness is impossible. Under the circumstances presented here, the Court cannot properly reach a conclusion until the parties have had an opportunity to present evidence.

the Respondent's motion to reconsider his order be denied, the Magistrate Judge emphasized that "[i]t is of the upmost importance that Petitioner has a complete and accurate copy of his criminal trial transcripts." (8/17/2015 Order at 4) (Document 141.)

Given those facts, the Court cannot find the Magistrate Judge's order directing the Respondent to provide the Petitioner with access to the original record of the Petitioner's trial in the format in which it was recorded to be clearly erroneous or contrary to the law. Nor is the Magistrate Judge's order requiring that Ms. Bird be made available for a deposition if necessary contrary to the law. Such a deposition merely serves to assist the Petitioner's efforts to access the original records of the trial and to ascertain the accuracy and completeness of the transcripts on file. Contrary to the Respondent's somewhat hyperbolic assertion that, under the Magistrate Judge's order, the "Petitioner has carte blanch to fish for whatever beneficial information, if any beneficial information even exists, he so desires, to formulate new claims to bring before this Honorable Court in his federal review of State habeas proceedings," the discovery ordered by the Magistrate Judge is narrowly limited in scope to the issues surrounding the trial transcript. (Respondent's Omnibus Mem. at 16) (Document 163.)

The Respondent relies on *Cullen v. Pinholster*, 563 U.S. 170 (2011), for the proposition that new evidence may not be introduced for the first time in a federal habeas proceeding under 28 U.S.C. § 2254. The Magistrate Judge concluded that *Pinholster* is inapposite to the instant issue, and that finding is not clearly erroneous. *Pinholster* involved an attempt to gather new evidence of a petitioner's mental state, not presented either at trial or during the state habeas proceedings, to re-litigate the penalty phase of trial. Here, far from introducing new evidence, the Petitioner seeks only an accurate transcript of his trial. The Court can find no fault with the Magistrate

7

Judge's finding that there is good cause in this case, in accordance with Rule 6(a) of the Rules Governing Section 2254 Proceedings, to permit narrowly constrained discovery necessary to ensure that the parties and the Court may rely on an accurate and complete transcript.

The Respondent raises several practical concerns related to the anticipated deposition of Ms. Bird. First, it worries that the Petitioner's court-appointed attorney will receive payment from both the Respondent and the federal government for time spent related to the deposition. The Court is confident that the Magistrate Judge would be prepared to resolve such an issue, should it arise. Next, the Respondent argues that the Magistrate Judge improperly ordered the West Virginia Attorney General's Office to pay for discovery and deposition that would take place under the control of the Petitioner, and would violate state law governing bidding and acquisitions of services.[5] The Magistrate Judge's order merely directed that the Respondent "provide Petitioner access to the original record of the Petitioner's trial in the format in which Court Reporter Bird recorded it and make Court Reporter Bird available for deposition as Petitioner may request at Respondent's expense." (8/04/15 Order at 3-4) (Document 136.) The Magistrate Judge did not provide any direction with respect to the details of the deposition or the manner in which the Respondent must pay for it. The Court expects counsel to work cooperatively to finalize such matters within the bounds of state law.

    *B. Motion to Dismiss and Objections to the PF&R*

The Respondent argues in its motion to dismiss that the Court will lack jurisdiction over the anticipated amended petition, as (a) the Petitioner has now been released from state custody

---

5 The Respondent suggests that the Magistrate Judge directed the West Virginia Attorney General's Office to pay the costs associated with the deposition, though it is not a party but merely the agency directed to handle state habeas matters. The Magistrate Judge directed the "Respondent" to bear the costs without stating that the funds should come from any specific state agency.

and (b) any new claims added to the amended petition would not have been exhausted in the state court habeas proceedings. The Magistrate Judge recommended that the motion to dismiss be denied, explaining that the Petitioner was in state custody when he filed his Section 2254 Petition, and his release does not divest the Court of jurisdiction or prohibit amendment of the Petition. Further, the Magistrate Judge indicated that any arguments, that certain claims that the Respondent speculates could be included in the anticipated amended petition are moot or unexhausted, are more properly made after the amended petition has been filed. The Respondent's objections focus on the discovery issues discussed above. To the extent those discovery issues overlap with the issues presented in the motion to dismiss, the Court will construe the Respondent's filings as objections to the PF&R.

The Respondent objects to continued discovery in light of the anticipated post-release amendment of the Petition and to discovery of any unexhausted claims. The Petitioner filed his original petition in 2011, well before his release. He was therefore "incarcerated….at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Any moot or unexhausted claims may be challenged after they have been made. The Court cannot issue an advisory opinion related to the content of any amended petition prior to the filing of such a petition. Accordingly, the Respondent's objections to the PF&R must be overruled.

## CONCLUSION

WHEREFORE, following thorough review and careful consideration, the Court **ORDERS** that the *Respondent's Objections to the Magistrate Court's December 2, 2015, Order* (Document 167) be **OVERRULED**, that the Magistrate Judge's *Proposed Findings and Recommendation*

Case 5:12-cv-00043   Document 170   Filed 02/29/16   Page 10 of 10 PageID #: 5516

(Document 166) be **ADOPTED**, and that the *Respondent's Motion to Dismiss, Directed to the District Court, Petitioner's Habeas Petition, as Petitioner is no Longer in State Custody* (Document 162) be **DENIED**.  To the extent the *Respondent's Objections to the Magistrate Court's December 2, 2015, Order* (Document 167) was an appeal of the Magistrate Judge's August 4, 2015 *Order* (Document 136), August 17, 2015 *Order* (Document 141), and December 2, 2015 *Order* (Document 165), the Court **ORDERS** that it be **DENIED.**

Finally, the Court **ORDERS** that this matter be **REFERRED** to the Honorable Omar J. Aboulhosn for further proceedings.  The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.


ENTER:     February 29, 2016

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA