UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

TONY DAUGHERTY,

       Petitioner,

v.                                        CIVIL ACTION NO. 5:12-cv-00043

DENNIS DINGUS,

       Respondent.

**MEMORANDUM OPINION AND ORDER**

       Pending is Petitioner Tony Daugherty's Amended Petition for Writ of Habeas Corpus [Doc. 187].  This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on June 26, 2020. Magistrate Judge Tinsley recommended that the Court deny Petitioner's Amended Petition [Doc. 187] and dismiss this matter from the docket of the Court. Mr. Daugherty timely filed numerous objections [Doc. 202].

**I.**

       The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is*

*made*.”). Further, the Court need not conduct de novo review when a party “makes general and conclusory objections that do not direct the Court to a specific error in the magistrate’s proposed findings and recommendations.” *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

The Court will first consider Petitioner’s objection to the Magistrate Judge’s finding that the state court’s decision regarding the impartial jury claim was not contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts considering the evidence presented in the state court proceedings. [Doc. 202 at 7].

William McBride (“Juror McBride”) served as a juror in Petitioner’s state court trial. After a finding of guilt and Petitioner’s sentencing, Petitioner’s counsel learned that Juror McBride may have made improper remarks during jury deliberations. [Doc. 201 at 9]. Petitioner filed a motion for a new trial on that basis and the state court conducted an evidentiary hearing. [*Id*.]. Four jurors testified that during deliberations, Juror McBride made the following statements: (1) he was scared for his family if Petitioner was not put in jail and the other jurors should also be scared, and (2) he knew Petitioner’s family and the other jurors should be afraid. [*Id*. at 10]. The second statement is at issue presently. The state court found that the statement was internal to the jury’s deliberative process, and, thus, subject to *West Virginia Rule of Evidence* 606(b), which prohibits inquiry into such statements. [Doc. 201 at 23]. The state court denied Petitioner’s motion for a new trial on that ground. [*Id*.].

As correctly noted by the Magistrate Judge, the standard for habeas corpus review is extremely limited. “If a state court has already resolved the merits of a claim for post-conviction relief, a federal court may not grant a writ of habeas corpus [under § 2254] unless the state court’s

2

decision" meets the requirements of 28 U.S.C. § 2254(d). *Williams v. Stirling*, 914 F.3d 302, 311 (4th Cir. 2019) (citing *Bryam v. Ozmint*, 339 F.3d 203, 206 (4th Cir. 2003)). Section 2254(d) provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal court may grant a writ of habeas corpus "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently from [the Supreme] Court on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Conner, J., concurring); *see also Vick v. Williams*, 233 F.3d 213, 216 (4th Cir. 2000). As to the "unreasonable application" clause, "a state court's decision is an 'unreasonable application' of clearly established federal law when the state court 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle . . . .'" *Robinson v. Polk*, 438 F.3d 350, 355 (4th Cir. 2006) (citing *Taylor*, 529 U.S. at 412).

As to Petitioner's impartial jury argument, the Sixth Amendment provides that "the accused shall enjoy the right to a . . . trial by an impartial jury." U.S. Const. amend VI. It is clear that "an impartial jury is one that arrives at its verdict 'based upon the evidence developed at trial' and without external influence." *Barnes v. Joyner*, 751 F.3d 229, 240 (4th Cir. 2014) (citing *Irvin v. Dowd*, 366 U.S. 717, 722 (1961)). The Supreme Court has "clearly established" that "an external influence affecting a jury's deliberations violates a criminal defendant's right to an impartial jury."

3

*Barnes*, 751 F.3d at 240. "External matters include . . . information related specifically to the case the jurors are meant to decide, while internal matters include the general body of experiences that jurors are understood to bring with them to the jury room." *Warger v. Shauers*, 574 U.S. 40, 52 (2014) (citing *Tanner v. United States*, 483 U.S. 107, 117 (1987)).

Importantly, the Sixth Amendment does not require that all evidence tending to impeach the jury's verdict be contemplated by the courts. The Magistrate Judge properly explained *West Virginia Rule of Evidence* 606(b), which states in pertinent part:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

W. Va. R. Evid. 606(b)(1). However, Rule 606 provides for an exception in which "a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror." W. Va. R. Evid. 606(b)(2). "[I]nformation is deemed 'extraneous' if it derives from a source 'external' to the jury." *Warger*, 574 U.S. at 52 (citing *Tanner*, 483 U.S. at 117).

Applying the appropriate standard of review, the Magistrate Judge recommends that the Court find Petitioner has not demonstrated that the state court's decision was an unreasonable application of clearly established federal law or was an unreasonable determination of the facts in light of the evidence presented. [Doc. 201 at 28]. The Magistrate Judge asserts that this case is dissimilar to Supreme Court precedent where statements were found to be external. [*Id*.]. Therefore, the Court must conclude that no error was made in denying Petitioner's motion for a new trial on the grounds of juror misconduct. In response, Petitioner asserts that Juror McBride's statement that he knew the family and the jurors should be afraid was an external

4

influence, in that it implied knowledge on his part beyond the evidence presented at trial. [Doc. 202 at 8]. As such, Petitioner argues that the external statement should fall into the Rule 606(b) exception, and the state court's denial of a new trial on that basis was violative of clearly established federal law. [*Id*.].

Considering the foregoing, the narrow question before the Court is whether the statement by Juror McBride was external, thus violating Petitioner's Sixth Amendment right to an impartial jury and rendering the state court's decision contrary to, or an unreasonable application of, clearly established federal law.

The Supreme Court has distinguished between external and internal jury influences. An influence is external if it is "extraneous prejudicial information; i.e., information that was not admitted into evidence but nevertheless bears on a fact at issue in the case," or "an outside influence upon the partiality of the jury, such as private communication, contact, or tampering . . . with a juror.'" *Robinson*, 438 F.3d at 363 (citing *Remmer v. United States*, 347 U.S. 227, 229 (1954)). The Supreme Court has expressed that many third-party communications with jurors constitute such improper external influences. *See Parker v. Gladden*, 385 U.S. 363 (1966); *Turner v. Louisiana*, 379 U.S. 466 (1963). In *Parker*, a bailiff assigned to sequester the jury in the defendant's trial made two statements to the jurors regarding the defendant's guilt. *Parker*, 385 U.S. at 363. The Supreme Court held that the bailiff's statements violated the defendant's Sixth Amendment right to a trial by an impartial jury. *Id*. at 365. In *Turner*, the Supreme Court held that the defendant had been denied his right to a fair trial by an impartial jury when two deputy sheriffs who gave key testimony leading to defendant's conviction had charge of jury during the trial and had socialized with the jurors outside of the courtroom during performance of their duties. *Turner*, 379 U.S. at 473-74.

On the contrary, in *Robinson*, the Fourth Circuit held that a juror's request for a bailiff to bring a Bible into the jury room was not an external influence raising a Sixth Amendment concern inasmuch as the bailiff did not "instruct[] the jury to consult the Bible" and did not do "anything other than simply provide the Bible upon the juror's request." *Robinson*, 438 F.3d at 361-62. Additionally, this Circuit has articulated that a juror's own bias or communication with fellow jurors does not implicate a defendant's Sixth Amendment right to an impartial jury. *Barnes v. Joyner*, 751 F.3d 229 (4th Cir. 2014).

Here, the statement that Juror McBride knew the Defendant and the other jurors should be afraid is not the type of influence within clearly established law finding certain statements external. Unlike *Parker* and *Turner*, there is no malicious action by a third-party. Juror McBride himself was a juror in the state court. He was not bribed, influenced, or tampered with in any way by a third-party. Further, Juror McBride spoke his own bias to his fellow jurors. His statement came from his perception of his own personal experiences. Such statements are intrinsic to the jury deliberation process. Juror McBride's statement is therefore subject to *West Virginia Rule of Evidence* 606(b). Accordingly, the Court finds that the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law and **OVERRULES** Petitioner's objection.

## III.

Petitioner next objects to the Magistrate Judge's finding that that the state court's denial of habeas corpus relief as to Petitioner's incomplete transcript due process claim was not contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts. [Doc. 202 at 2].

Petitioner alleges that he was denied due process by not being provided a complete trial transcript prior to pursuing his appeal to the West Virginia Supreme Court of Appeals ("West Virginia Supreme Court"). [Doc. 187 at 14]. The Magistrate Judge points to federal precedent finding no constitutional right to a complete appellate transcript, only to a record of sufficient completeness to permit proper consideration of his claims brought on appeal. [Doc. 201 at 20]. As such, the Magistrate Judge agrees with the state court and recommends that the Court find that Petitioner cannot establish a valid due process violation. [*Id.*].

The Supreme Court has recognized only an indigent criminal defendant's right to "a 'record of sufficient completeness' to permit proper consideration of [his] claims" brought on appeal. *Mayer v. City of Chicago*, 404 U.S. 189, 194 (1971) (quoting *Draper v. Washington*, 372 U.S. 487, 499 (1963)). Importantly, "a 'record of sufficient completeness' does not translate automatically to a complete verbatim transcript." *Id*. at 194. Further, "whether an omission from a transcript warrants a new trial depends on whether the appellant has demonstrated that the omission specifically prejudices his appeal . . . ." *United States v. Huggins*, 191 F.3d 532, 536 (4th Cir. 1999).

Here, Petitioner's claim first fails inasmuch as Petitioner does not have a right to a complete transcript. Therefore, to succeed on a due process claim, he had to have shown that the omission specifically prejudiced his appeal.  Petitioner is unable to do this as he admittedly waived his right to proceed on appeal with a complete transcript when he knowingly submitted his case for appeal using the incomplete transcript, whether or not as a result of an error by counsel. Accordingly, the Court finds that the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law and **OVERRULES** Petitioner's objection.

7

**IV.**

Petitioner next objects to the Magistrate Judge's finding that Petitioner has not properly exhausted his state court remedies concerning his ineffective assistance of counsel claim. It is argued that Petitioner can still address his claim through a writ of error *coram nobis* and that, as a state court remedy exists, it must be pursued.

Petitioner responds that a writ of error *coram nobis* is not available to him in West Virginia in light of *State v. Hutton*, 776 S.E.2d 621 (W. Va. 2015). [Doc. 202 at 7]. However, *Hutton* held that a writ of error *coram nobis* is available in criminal proceedings "if the petitioner shows that (1) a more usual remedy is not available, (2) valid reasons exist for not attacking the conviction earlier, (3) there exists a substantial adverse consequence from the conviction, and (4) the error presents a denial of a fundamental constitutional right." *Hutton*, 776 S.E.2d at 742. West Virginia has recognized the use of *coram nobis* in post-conviction proceedings when the defendant is no longer incarcerated. *Id*. (citing *Kemp v. State*, 203 W. Va. 1 (1997)).

Further, Petitioner cites to this Court's analysis in *Brown v. Morrisey* (5:19-cv-196). These cases are factually similar in that both Petitioners would be seeking *coram nobis* relief for their ineffective assistance of counsel claims. Petitioner directs the Court to a January 21, 2020, motion by Ms. Brown [Doc. 30]. There, Ms. Brown quotes an order from the Circuit Court of Greenbrier County denying her writ of error *coram nobis*. It appears, based on Ms. Brown's motion, that the Circuit Court determined that such relief was not available in West Virginia criminal cases. Petitioner claims that because the Circuit Court denied Ms. Brown's ineffective assistance of counsel *coram nobis* relief, a different state court judge would do the same for Petitioner. As such, Petitioner argues that no real remedy exists in state court and this Court is Petitioner's only avenue for relief. However, the record in *Brown v. Morrisey* further developed,

and the Magistrate Judge concluded that *coram nobis* relief did in fact exist [Doc. 51]. On October 27, 2020, this Court ultimately granted Ms. Brown a stay conditioned on the pursuit of her State court *coram nobis* remedy [Doc. 52]. A recent decision from the Supreme Court of Appeals likewise suggests availability of the remedy. *See Shrader v. State*, No. 17-0299, 2018 WL 679497, at *4 (W. Va. Feb. 2, 2018).

The Court acknowledges that Petitioner did not assert his ineffective assistance of counsel claim until his second habeas corpus petition filed under the West Virginia Supreme Court's original jurisdiction. That petition was summarily dismissed without prejudice and no findings were made on the merits of the ineffective assistance of counsel claim. Therefore, that claim was not exhausted through that petition. Inasmuch as Petitioner has an adequate state court remedy by writ of error *coram nobis*, he must pursue it. The Court **OVERRULES** Petitioner's objection.

## V.

Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's PF&R [Doc. 201] and **DISMISSES** Petitioner's Amended Petition [Doc. 187].

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party herein.

ENTERED: October 2, 2023



Frank W. Volk
United States District Judge

9